IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **N.C., a minor by her parents and next friends, J.C. and Ni. C.,** *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>**BOARD OF EDUCATION OF BALTIMORE COUNTY,** *et al.*,<br><br>*Defendants*. | Civil No.: 1:24-cv-00367-JRR |

### MEMORANDUM OPINION

Pending before the court is Plaintiffs' unopposed Motion to Proceed Under a Pseudonym (ECF No. 4; the "Motion").[1] The court has reviewed all papers. No hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons that follow, by accompanying order, the Motion will be granted.

**I.     BACKGROUND**

On February 6, 2024, Plaintiffs N.C., a minor by her parents and next friends, J.C. and Ni. C, as well as her parents, J.C. and Ni. C., individually and on behalf of N.C., filed the Complaint in this court against Defendants Board of Education of Baltimore County, Dr. Myriam Rogers in her official capacity, Allison Myers individually and in her official capacity, and Jason Miller individually and in his official capacity, alleging violations of the Individuals with Disabilities Education Act and Section 504 of the Rehabilitation Act. (ECF No. 1; ECF No. 16.) N.C. is a ten-year-old child with a disability. (ECF No. 16 ¶ 8.) The allegations in the Complaint concern N.C.'s eligibility for "special education and related services." (ECF No. 4 ¶ 1.) On February 7,

---

[1] Defendants have also filed two motions to dismiss (ECF Nos. 10, 18), which the court will address separately.

2024, Plaintiffs filed their unopposed Motion to Proceed Under a Pseudonym (ECF No. 4) to permit all Plaintiffs (N.C., J.C., and Ni. C.) to proceed by their initials in this action as the litigation will involve "extremely personal and confidential educational and medical information." *Id.* ¶ 2.

Under Federal Rule of Civil Procedure 10(a), a complaint must include a title naming all parties. FED. R. CIV. P. 10(a). Notably, however, Rule 5.2(a)(3) requires that a filing may only include a minor's initials. FED. R. CIV. P. 5.2(a)(3). In exceptional circumstances, the court may allow a party to proceed pseudonymously. *Doe v. Pub. Citizen*, 749 F.3d 246, 273–74 (4th Cir. 2014). Before granting a request to proceed pseudonymously, the "district court has an independent obligation to ensure that extraordinary circumstances support such a request by balancing the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." *Id.* at 274. The Fourth Circuit provides five non-exhaustive factors that courts should consider to determine whether to grant a request to proceed pseudonymously:

> [W]hether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; the ages of the persons whose privacy interests are sought to be protected; whether the action is against a governmental or private party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). "Not all of these factors may be relevant to a given case, and there may be others that are." *Doe v. Alger*, 317 F.R.D. 37, 39 (W.D. Va. 2016). Rule 5.2(a)(3) supports N.C.'s request to proceed by use of her initials. Accordingly, the court's remaining analysis concerns whether Plaintiffs J.C. and Ni. C. may similarly be permitted to proceed by pseudonym.

2

With respect to the first factor, Plaintiffs' request for a pseudonym must be for the purpose of preserving "privacy in a matter of sensitive and highly personal nature" and not "merely to avoid the annoyance and criticism that may attend any litigation." *Jacobson*, 6 F.3d at 238. Here, N.C.'s disability and related medical information, especially as a minor, undoubtedly concerns sensitive and highly personal information. *Cf. Heward v. Bd. of Educ. of Anne Arundel Cnty.*, No. CV ELH-23-00195, 2023 WL 6067072, at *3 (D. Md. Sept. 15, 2023) ("[C]ourts have found a compelling government interest in sealing personal information, especially when relating to minors."); *A.P.G. by Jones v. Fisher-Price, Inc.*, No. 3:22CV112 (DJN), 2023 WL 4406023, at *4 (E.D. Va. July 7, 2023) ("[C]ourts have held that minors' privacy interests in medical and financial information sufficiently outweigh the common law right of access." (citation omitted)). *See also Doe v. Chesapeake Med. Sols., LLC*, Civ. No. SAG-19-2670, 2020 WL 13612472, at *1 (D. Md. Feb. 26, 2020) (finding "information about the plaintiff's medical conditions" to be "sensitive and highly personal"); *Doe v. Cabell Huntington Hosp., Inc.*, No. CV 3:23-0437, 2023 WL 8529079, at *2 (S.D.W. Va. Dec. 8, 2023) (finding that where the plaintiff alleged that the medical information at issue in the lawsuit was "highly personal and sensitive," the first factor weighed "heavily in favor of permitting anonymity").

In the instant case, Plaintiffs' allegations pertain to the aforementioned sensitive topics—N.C.'s disability and medical information. (ECF No. 4 ¶ 2.) While the sensitive information does not pertain to J.C. or Ni. C. specifically, disclosure of J.C. and Ni. C.'s identities would pose a significant risk that N.C. would be identified as the minor child at issue. The court thus concludes that Plaintiffs' allegations related to N.C.'s disability and medical information are matters of a highly sensitive and personal nature, and the first factor weighs in favor of allowing Plaintiffs to proceed by pseudonym. *Jacobson*, 6 F.3d at 238.

The second factor considers whether denying the Motion would "pose[] a risk of retaliatory physical or mental harm" to Plaintiffs. *Id.* While reputational risks alone may not be "sufficient to outweigh the public interest in the openness of this litigation," *Candidate No. 452207 v. CFA Inst.*, 42 F. Supp. 3d 804, 809 (E.D. Va. 2012), there is a risk of retaliatory or mental harm where a plaintiff "may face psychological harm from having [her] sensitive" information "made permanently available to anyone with Internet access." *E.E.O.C. v. Spoa, LLC*, No. CIV. CCB-13-1615, 2013 WL 5634337, at *3 (D. Md. Oct. 15, 2013). Where "there could be some risk of mental harm to plaintiff upon public dissemination of her identity in connection with" sensitive personal information, anonymity may be warranted. *Chesapeake Med. Sols., LLC*, 2020 WL 13612472, at *2. Plaintiffs do not assert any explicit argument that they will be at risk for retaliatory physical or mental harm should they be identified, although the risk of harm is implicit in exposure of a minor's sensitive information. Accordingly, the court is persuaded that, were it to deny the Motion as to N.C.'s parents, N.C. would certainly be vulnerable to a risk of mental harm as a result of her sensitive information being made public. *See Spoa, LLC*, 2013 WL 5634337, at *3, *supra*. Therefore, the second factor further weighs in favor of allowing Plaintiffs to proceed by pseudonym.

The third factor considers "the ages of the persons whose privacy interests are sought to be protected." *Jacobson*, 6 F.3d at 238. *See Doe v. Sidar*, 93 F.4th 241, 248 (4th Cir. 2024) ("[F]ictitious names are often allowed when necessary to protect the privacy of children . . . "(citations omitted)). Plaintiffs include a minor child and her adult parents, and the allegations specifically concern the minor child. (ECF No. 16.) Identification of J.C. and Ni. C. as Plaintiffs would likely identify, or lead to the identity of, the minor child. Accordingly, the third factor also weighs in favor of allowing Plaintiffs to proceed by pseudonym.

The fourth *Jacobson* factor considers whether the action is against a governmental entity or, instead, a private party whose reputation may be harmed unfairly if Plaintiffs are permitted to proceed anonymously. "[C]ourts in general are less likely to grant a plaintiff permission to proceed anonymously when the plaintiff sues a private individual than when the action is against a governmental entity seeking to have a law or regulation declared invalid." *Doe v. Merten*, 219 F.R.D. 387, 394 (E.D. Va. 2004). "Actions against the government do no harm to its reputation, whereas suits filed against private parties may damage their good names and result in economic harm." *Doe v. Pittsylvania Cnty.*, 844 F. Supp. 2d 724, 730 (W.D. Va. 2012). The action is against a government entity and government actors in their official capacity (as well as individually for some), and thus the fourth factor weighs in favor of allowing the parties to proceed with pseudonyms.

With respect to the fifth *Jacobson* factor, the court examines whether there is a "risk of unfairness to the opposing party from allowing an action against it to proceed anonymously." 6 F.3d at 238. Where Defendants know who the Plaintiffs are and are "fully capable of investigating and responding to [the] allegations," there is no risk that allowing Plaintiffs to proceed by pseudonym will prejudice Defendants' defense. *Spoa, LLC*, 2013 WL 5634337, at *3. *See Alger*, 317 F.R.D. at 41 (finding that the fifth factor weighs in favor of anonymity where the defendants are fully aware of the plaintiff's identity and fail to articulate how they would be prejudiced in their defense). Here, while neither party has addressed this, Defendants have not opposed the Motion, and it is apparent from the filings that Defendants know the identities of all Plaintiffs. (ECF Nos. 17, 18.) Therefore, the fifth factor weighs in favor of granting the Motion.

Upon consideration of the *Jacobson* factors and the circumstances of the instant case, the court concludes that this case implicates a minor Plaintiff's privacy interests pertaining to sensitive

and personal matters, which "substantially outweigh the presumption of open judicial proceedings." *See Pub. Citizen*, 749 F.3d at 274, *supra*. Accordingly, allowing Plaintiffs to proceed in this action as N.C., J.C., and Ni. C. is warranted. The court will order that any document that identifies Plaintiffs by name, in whole or in part, shall be filed under seal, with redacted copies to be placed in the public file.

## II.  CONCLUSION

For the reasons set forth herein, by separate order, Plaintiffs' unopposed Motion to Proceed Under a Pseudonym (ECF No. 4) will be granted.


April 29, 2024                                                                                     /s/_____
                                                                                                        Julie R. Rubin
                                                                                                        United States District Judge